IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| BRETT A. ROBINSON | ) | |
| MARILYN R. ROBINSON | ) | Bankruptcy No. 10-01610 |
| | ) | |
| Debtors. | ) | |

### ORDER RE: CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

This matter came before the undersigned on October 21, 2010 for hearing on Chapter 13 Trustee's Motion to Dismiss. Carol Dunbar appeared as Chapter 13 Trustee. Attorney Brian Peters appeared for Debtors Brett and Marilyn Robinson. After hearing the statements of the parties, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Trustee argues that pursuant to 11 U.S.C. § 109(g)(1) Debtors are not eligible for Chapter 13 relief. Section 109(g)(1) bars debtors who had a case dismissed for a willful failure to abide by court orders in the 180 days preceding the filing of their current case. Debtors argue that as of the date of the hearing they are outside of the bar for refiling. They assert it would be inefficient to dismiss the current case because of the significant number of claims filed.

### FINDINGS OF FACT

Debtors have filed six Chapter 13 cases since 1996, all of which have been dismissed. Debtors filed the current case on June 9, 2010. Debtors' previous bankruptcy petition (Case No. 09-3332) was filed November 13, 2009 and was dismissed, on May 17, 2010, for failure to abide by an order of the Court to pay delinquent plan payments in full and turn over copies of tax returns. Debtors' current filing came only 23 days after their last case was dismissed.

### CONCLUSIONS OF LAW

Title 11 U.S.C. § 109 dictates who may be a debtor. Section 109(g)(1) states:

> (g) Notwithstanding any other provisions of this section, no individual or family farmer may be a debtor under this title who has been a

>    debtor in a case pending under this title at any time in the preceding 180 days if—
>
>    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . . (emphasis added).

The determination that a failure on the part of a debtor was willful under § 109(g)(1) need not be made in the order dismissing the preceding case, but can be subsequently made when a court considers a motion to dismiss. In re Montgomery, 37 F.3d 413, 415 (8th Cir. 1994). The debtor has the burden of establishing eligibility for bankruptcy and thus has the burden of showing that a failure in the preceding case was not willful. Id. (citing In re Tim Wargo & Sons Inc., 869 F.2d 1128, 1130 (8th Cir. 1989)). A finding of willful conduct "[necessitates] a showing that the person with notice of their responsibility intentionally disregarded it or demonstrated 'plain indifference.'" In re Welling, 102 B.R. 720, 723 (Bankr. S.D. Iowa 1989).

## ANALYSIS

Debtors' prior proceeding was dismissed for failure to abide by a Court order giving Debtors 10 days to become current on plan payments and turn over copies of 2009 tax returns. Debtors' four other dismissed Chapter 13 cases also evidence a pattern of dismissals based on failure to make plan payments and turn over to the trustee requested documents such as pay stubs. Debtors produced no evidence why their previous dismissal was not based on a willful failure to abide by Court orders. The Court finds that Debtors' case (No. 09-03332) was dismissed for a willful failure to abide by the orders of the Court. Therefore, Debtors were not eligible to file their current case only 23 days after their previous case was dismissed.

**WHEREFORE,** Trustee's Motion to Dismiss is GRANTED.

**FURTHER,** this case is DISMISSED.

Dated and Entered: November 9, 2010

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2